**In re Joseph A. WILDI, Debtor.**

**No. 01–62891.**

United States Bankruptcy Court, S.D. Ohio, Eastern Division.

Feb. 25, 2002.

Yvette Cox, Arter & Hadden, LLP, Columbus, for Deborah A. Wildi.

Judith M. McInturff, Columbus, OH, for Debtor.

Frank M. Pees, Worthington, OH, Chapter 13 Trustee.

## OPINION AND ORDER ON OBJECTION TO CONFIRMATION

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on an objection to confirmation filed by Deborah A. Wildi. The Court heard the matter on February 12, 2002.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the General Order of Reference entered in this district. This is a core matter which this bankruptcy judge may hear and determine under 28 U.S.C. § 157(b)(2)(L).

The debtor has proposed a plan which pays $2,000 each month to the trustee for payment in full of all allowed secured and priority unsecured claims and a 5% dividend for unsecured creditors. Deborah Wildi is the wife of the debtor and a party to a contested divorce action. She opposes confirmation of the debtor's plan on the grounds that the plan is proposed in bad faith and is not feasible.

Mrs. Wildi, despite efforts and a continuance of the hearing date, was unable to obtain an attorney to represent her in this matter. Her objections were dependent on certain factual showings. Although she spoke about many matters, she did not call any witnesses or introduce any exhibits into the record. Her statements, to the extent the Court understood them, alleged both that the debtor had more assets than he disclosed and that he had fewer assets, or at least assets of less value, than was disclosed. She questioned his expenses, but did not call him as a witness about the discrepancies she discussed.

The chapter 13 trustee has recommended confirmation of the debtor's plan. There has been a relief from stay order entered to permit the divorce action to proceed. Certain determinations by the state court may result in claims Mrs. Wildi

may assert in this case. At this point, this Court believes all parties may be better served if this chapter 13 plan is confirmed and some stability is provided for the financial obligations between these parties. Therefore, based on a lack of evidence for the factual matters asserted in support of the objection and based on the Court's review of the proposed plan, the Court **OVERRULES** Mrs. Wildi's objection to confirmation. An order confirming the chapter 13 plan will be entered forthwith.

**IT IS SO ORDERED.**